# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ALHADI ARMSTRONG,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil Action No. 16-3699 (SDW)

MEMORANDUM OPINION

IT APPEARING THAT:

1. On March 9, 2012, Petitioner, Alhadi Armstrong, was sentenced to 105 months imprisonment following a plea of guilty to his being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1 at 2-3).

2. On April 1, 2013, Petitioner filed a motion to vacate his sentence on that charge. (*Id.* at 3). This Court denied that motion on the merits by way of an order and opinion issued on July 6, 2015. (*Id.*).

3. On June 23, 2016, Petitioner filed in this Court a second motion to vacate sentence in which he argued that he was improperly sentenced under the Career Offender Guideline based on the Supreme Court's decision in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). (ECF No. 1). On that same day, Petitioner filed with the Third Circuit a petition for leave to file a second or successive motion to vacate sentence pursuant to 28 U.S.C. §§ 2255(h) and 2244(b). (*See In re Armstrong*, Third Circuit Docket No. 16-2876).

4. On May 26, 2017, the Third Circuit denied Petitioner's petition for leave to file a second or successive motion to vacate sentence, ruling as follows:

> Petitioner's application under 28 U.S.C. §§ 2244 and 2255(h) for leave to file a second or successive § 2255 motion is denied.

> Petitioner was sentenced under the advisory Sentencing Guidelines. In his § 2244/2255(h) application, he initially sought leave to challenge his sentence on the ground that the definition of "crime of violence" contained in the residual clause of U.S.S.G. § 4B1.2(a) is unconstitutionally vague. Petitioner relied for that proposition on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and he argued that *Johnson* constitutes a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The Supreme Court, however, has since held that the analysis in *Johnson* does not apply to the advisory Sentencing Guidelines and that, as a result, "§ 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 897 (2017). Thus, petitioner has not made a prima facie showing that his proposed § 2255 motion satisfies the § 2255(h) standard because, under *Beckles*, *Johnson* did not announce a new rule of constitutional law invalidating § 4B1.2(a)'s residual clause. Petitioner also has not responded to the Clerk's order to show cause why his application should not be denied in light of *Beckles*.

(*See In re Armstrong*, Third Circuit Docket No. 16-2876 at Document No. 003112636745 at 1-2).

5. As Petitioner has filed motion to vacate his sentence and as the Third Circuit has now ruled upon his request for leave to file a successive § 2255 motion, this Court is required to preliminarily review Petitioner's current motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

6. Pursuant to 28 U.S.C. §§ 2244(b) and 2255(h), a petitioner may not file a second or successive motion to vacate sentence in this Court without first acquiring authorization from the appropriate Court of Appeals. Absent authorization from the Court of Appeals, this Court has no jurisdiction over a second or successive motion to vacate sentence. *Robison v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002); *Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) (a "petitioner's failure

to seek authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar"). When "a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals." *Robinson*, 313 F.3d at 139.

7. In this matter, Petitioner sought, and was denied, leave to file a second or successive motion to vacate sentence by the Third Circuit. As such, this Court is without jurisdiction to review Petitioner's second or successive motion to vacate sentence. *Id.* Petitioner's motion must therefore be dismissed without prejudice for lack of jurisdiction.

8. In conclusion, Petitioner's current motion to vacate sentence is dismissed for lack of jurisdiction as it is a second or successive § 2255 motion brought without leave of the Court of Appeals. An appropriate order follows.

Dated: July 5, 2017

*s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge